IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-05034-01-CR-SW-MDH |
| | ) | |
| JAMES MCKNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATIONS

Before the Court is Defendant's Motion to Dismiss the Indictment. (Doc. 25.) This action has been referred to the undersigned for the purpose of submitting a report on all pretrial motions to dismiss. As follows, it is **RECOMMENDED** that the Motion be **DENIED**.

### I. Background

Defendant has been charged by indictment with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) and unlawfully transporting a /U.S.C. § 2312. (Doc. 1.) In his Motion, Defendant asks the Court to dismiss count one of the indictment, arguing that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." (Doc. 25 at 1.) In support, Defendant claims that the Eighth Circuit "applied *Bruen* incorrectly, misinterpreted and misrepresented the historical record, and was wrongly decided." *Id.* at 2. Defendant simultaneously claims that "[t]he Eighth Circuit in *Jackson* did not have an overbreadth challenge to § 922(g)(1) before it, and any dicta in *Jackson* suggesting the statute's overbreadth is constitutionally acceptable is not binding on this Court." *Id.* The Government filed suggestions in opposition to the Motion and Defendant filed reply suggestions in support. (Docs. 27, 30.)

## II. Applicable Law

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *New York State Rifle & Pistol Association, Inc. v. Bruen*, the Supreme Court held, as it did in preceding cases *District of Columbia v. Heller* and *McDonald v. City of Chicago, Ill.*, that the Second Amendment "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S.Ct. 2111, 2122 (2022); *see also Heller*, 554 U.S. 570, 580–81 (2008) (holding that there is a "strong presumption that the Second Amendment right is exercised individually and belongs to all Americans" not just an "organized militia"); *McDonald*, 561 U.S. 742, 789–91 (2010) (holding "that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*").

In light of the Court's opinions in *Heller* and *McDonald*, Courts of Appeals developed a two-step approach when analyzing Second Amendment challenges. First in this test, "the government may justify its regulation by establishing that the challenged law regulates activity falling outside the scope of the right as originally understood." *Bruen*, 142 S.Ct. at 2126 (cleaned up). Second in this test, courts "analyze how close the law comes to the core of the Second Amendment right and the severity of the law's burden on that right." *Id.* (cleaned up).

In *Bruen*, the Supreme Court directly rejected this two-step approach, stating that "[d]espite the popularity of this two-step approach, it is one step too many" as "the Courts of Appeals' second step is inconsistent with *Heller*'s historical approach and its rejection of means-end scrutiny." *Id.* at 2126–29 (cleaned up). Rather, the Court set forth an approach consistent with *Heller* that courts should be using when determining the constitutionality of a statute under the Second Amendment. First, a court must first ask whether "the Second Amendment's plain text covers an

individual's conduct." *Id.* at 2129–30. If so, "the Constitution presumptively protects that conduct," and as such the analysis continues to the second prong. *Id.* at 2130. When the first prong is satisfied, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* "Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* (cleaned up).

### III. Discussion

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person to possess a firearm if he or she "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Defendant argues that § 922(g)(1) violates the Second Amendment in light of *Bruen*, because the Government cannot demonstrate that prohibiting such conduct is consistent with the Nation's historical tradition of firearm regulation. (Doc. 25 at 10–13.) The Government argues that the Eighth Circuit has already rejected this argument, post-*Bruen*, in *United States v. Jackson,* 69 F.4th 495 (8th Cir. 2023) and *United States v. Cunningham*, 70 F.4th 502 (8th Cir. 2023), both of which are binding on this Court. (Doc. 27 at 1.) The Court addresses the parties' arguments below.

This Court is not at liberty to depart from Eighth Circuit's controlling precedent "until overruled by [the] court en banc, by the Supreme Court, or by Congress." *M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008). Post-*Bruen*, the Eighth Circuit rejected a Second Amendment challenge to § 922(g)(1), holding that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons." *Jackson,* 69 F.4th at 505. In *Jackson*, the Eighth Circuit affirmed the constitutionality of § 922(g)(1), prohibiting possession of firearms by convicted felons:

> The Supreme Court has said that nothing in *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), which recognized an individual right to keep and bear arms, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626, 128 S.Ct. 2783; *see McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010) (plurality opinion). The decision in *Bruen*, which reaffirmed that the right is "subject to certain reasonable, well-defined restrictions," 142 S. Ct. at 2156, did not disturb those statements or cast doubt on the prohibitions. *See id.* at 2157 (Alito, J., concurring); *id.* at 2162 (Kavanaugh, J., concurring, joined by Roberts, C.J.); *id.* at 2189 (Breyer, J., dissenting, joined by Sotomayor and Kagan, JJ.). Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).

*Jackson*, 69 F.4th at 505.

Defendant argues that because "[t]he Eighth Circuit in *Jackson* did not have an overbreadth challenge to § 922(g)(1) before it, and any dicta in *Jackson* suggesting the statute's overbreadth is constitutionally acceptable is not binding on this Court." (Doc. 25 at 2.) The undersigned fails to see how *Jackson* is not binding on this Court. In *Jackson*, the defendant argued "that § 922(g)(1) is unconstitutional as applied to him, because his drug offenses were 'non-violent' and do not show that he is more dangerous than the typical law-abiding citizen." *Jackson*, 69 F.4th at 501. Although the Eighth Circuit does not use the word "overbroad," the undersigned finds that the issue of overbreadth was addressed by the court in *Jackson*, and thus *Jackson* is binding on this Court.

Here, Defendant makes an as-applied and facial challenge to the statute. (Doc. 25 at 3.) To the extent Defendant is arguing that *Jackson* addressed an as-applied challenge and not a facial challenge, "the distinction between facial and as-applied challenges is not based upon the analysis employed but goes to the remedy available."[1] *United States v. Campbell*, 309 F.Supp.3d 738, 744

---

[1] Defendant agrees that the "[t[he substantive rule of law necessary to establish a constitutional violation is the same for facial and as-applied challenges." (Doc. 25 at 4.)

(8th Cir. 2018) (citing *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010)). The Supreme Court has concluded that:

> A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications. So classifying a lawsuit as facial or as-applied affects the extent to which the invalidity of the challenged law must be demonstrated and the corresponding "breadth of the remedy," but it does not speak at all to the substantive rule of law necessary to establish a constitutional violation.

*Bucklew v. Precythe*, 139 S.Ct. 1112, 1127 (2019). Therefore, the fact that Defendant makes both an as-applied and a facial challenge here, does not affect this Court's analysis in applying *Jackson* to this case.

Defendant primarily argues that the *Jackson* court did not properly apply *Bruen*. However, as already discussed above, that is not for this Court to decide. The Eighth Circuit recognized the relevant historical tradition of firearms regulation in the United States as including prohibiting "categories of persons [from possessing firearms] based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed." *Id.* at 504. The court reiterated *Bruen*'s conclusion that "the Constitution can, and must, apply to circumstances beyond those the Founders specifically anticipated." *Id.* (quoting *Bruen*, 64 F.4th at 2132). The court found that felons are a category of "persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness," ultimately holding that § 922(g)(1) is consistent with the historical tradition of firearms regulation and thus did not violate the Second Amendment. *Jackson*, 69 F.4th at 505.

After *Jackson*, the Eighth Circuit reaffirmed the constitutionality of § 922(g)(1) in *United States v. Cunningham*. The court reiterated "that there is no need for felony-by-felony determinations regarding the constitutionality of as applied to a particular defendant," holding that "the longstanding prohibition on possession of firearms by felons is constitutional." *Cunningham,*

70 F.4th at 505. Furthermore, the Eighth Circuit denied a petition for en banc rehearing in *Jackson*. *United States v. Jackson*, 85 F.4th 468 (8th Cir. 2023).

## I.     Conclusion

For the foregoing reasons, as to Defendant's Motion to Dismiss Count One of the Indictment, it is hereby **RECOMMENDED** that Defendant's motion be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: January 8, 2024